STATE, *ex rel.* SOUTHERN BREWING COMPANY, v. THOMAS W. LONG, as Director of the State Beverage Department.

181 So. 421.

Division A.

Opinion Filed April 25, 1938.

Rehearing Denied June 7, 1938.

*Hoffman & Robinson* and *McKay, Macfarlane, Jackson & Ramsey,* for Plaintiff in Error;

*Cody Fowler* and *L. A. Grayson,* for Defendant in Error.

TERRELL, J.—Plaintiff in Error, as Relator, filed .its petition for mandamus in the Circuit Court of Hillsborough County alleging in substance that it is a manufacturer of malt beverages in the State of Florida and that its principal place of business is located at Tampa. It is also alleged that Relator has kept and made all reports required by law showing the amount of beverages manufactured and sold by it including those sold in bulk or containers of more than one gallon and those sold in containers of less than one gallon, that it has tendered Respondent seven cents per gallon, in payment of all taxes imposed by law on products manufactured and sold by it within the State regardless of the size of the container in which said products were sold, but that Respondent has refused to accept the amount so tendered as payment in full, claiming that for all products manufactured and sold in containers of less than one gallon, a tax of nine and one-half cents per gallon or seven-eighths of a cent on each pint or fraction thereof should be paid.

On this state of facts, alternative writ of mandamus was issued commanding Respondent to accept the amount or sums tendered by Relator in full payment and in satisfaction of all taxes imposed on it by sub-paragraph (a) of Section Ten, Chapter 18015, Acts of 1937, or show cause why he refused to do so. A demurrer to the alternative

writ was sustained, the cause was dismissed and final judgment was entered for Respondent. This writ of error was prosecuted to the final judgment so entered.

The question presented may be stated as follows: Is a manufacturer of malt beverages required to pay a gallonage tax of more than seven cents per gallon regardless of whether he sells his product in bulk or in containers of less than one gallon?

It is admitted that the plaintiff in error is a manufacturer of malt beverages, that it sells a portion of its product in bulk or in containers of more than one gallon and that a portion of it is bottled and sold in containers of less than one gallon or less than one pint, but it is contended that sub-section (a) of Section 10, Chapter 18015, Acts of 1937, imposing the tax in question is severable in its application, that is to say, it requires manufacturers to pay a tax of seven cents on each gallon of beverage manufactured and sold regardless of the manner in which sold, but as to distributors, if selling in bulk or in containers of more than one gallon, they pay the same tax as manufacturers, but if they (distributors) sell in containers of less than one gallon, they pay at the rate of seven-eighths of one cent per pint or fractions thereof.

Section Four of Chapter 16774, Acts of 1935, defines manufacturers, distributors, and vendors of malt beverages and limits the scope of the business each may engage in. Manufacturers are authorized to sell at wholesale to distributors and vendors and to no one else. Distributors are authorized to sell at wholesale to other distributors, vendors, and others named in the Act, but not essential to recite here. The vendor is the retailer.

Paragraph (a), Section Ten, of Chapter 18015, Acts of 1937, prescribes the gallonage tax to be charged when the sale is made is as follows:

"As to malt beverages containing more than 1% of alcohol by weight, there shall be paid by all manufacturers and distributors as herein defined, a tax of seven cents per gallon upon all such beverages in bulk or in kegs or barrels and when sold in containers of less than one gallon the tax shall be seven-eighths of a cent on each pint or fraction thereof in said container."

From an inspection of the Act so quoted, including paragraph (b) of Section Four, Chapter 16774, Acts of 1935. it will be seen that the gallonage tax is imposed on the sale rather than on the manufacture of the beverage, that manufacturers and distributors are required to keep accurate records and make reports of all beverages made and sold and the gallonage tax is based on these reports. Neither the manufacturer nor the distributor can retail his product, but both can sell to the vendor, who is the retailer.

Plaintiff in error contends that the reports required of manufacturers and distributors were for the sole purpose of keeping up with the amount of beverage sold and that they have no reference to the containers used in selling, that the whole history of the Act shows that the gallonage tax is based on the quantity sold rather than on the number and size of the containers used in selling and that as to manufacturers like relator, there was no intention to require them to pay a gallonage tax of more than seven cents per gallon in any event, while as to distributors or non-manufacturers, the amount of the tax was governed by the size of the container in which the beverage was sold.

A very persuasive argument was made in support of this contention, but the Act fixing the amount of the tax makes it payable by both the manufacturer and the distributor, depending on whether sold in bulk or in containers of less than one gallon. Both the manufacturer and distributor

may sell to the vendor or retailer and sales to him may be in bulk or in containers of less than one gallon. The beverage department has consistently construed the Act to require both the manufacturer and distributor to pay a tax of seven cents per gallon when selling in bulk or seven eighths of a cent per pint or fraction thereof if sold in containers of less than one gallon. This practice has been acquiesced in for more than two years and is a reasonable construction to be placed on the Act. It places the manufacturer and distributor on an equal footing while any other construction would lead to unequal and inequitable consequences. We are not convinced that it should be overthrown at this time and we do not deem it essential to point out the consequent evils.

It is next contended that if this construction is to be placed on the Act fixing the amount of the tax, it is thereby rendered unconstitutional and void.

This contention is grounded on the assumption that the gallonage tax is made dependent on the method of doing business, when it is conclusively shown that all manufacturers and distributors are identically situated and treated with reference to the matter of sale. The Act does not require them to sell by a prescribed method. It classifies two methods of sale and permits the manufacturer or distributor to sell by the method he chooses.

Both classes are limited by the prescribed rules, but all in the class regulated alike. It is not shown that the classification is arbitrary or works unequally on the persons affected. So far as the record discloses, the Act complained of is a reasonable exercise of the police power.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN, J., concur in the opinion and judgment.

CHAPMAN, J.; not participating.